# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# CENTRAL DIVISION

LAWRENCE J. RUSSELL
ADC # 171943                                                                                      PLAINTIFF

V.                               No. 4:21-CV-758-BRW-JTR

ANNETTE PIERCE, Mental Health, Varner
Correctional Facility; JAY WARNER, Mental
Health, Varner Correctional Facility;
TAMARA CRAWLEY, Mental Health, Varner
Correctional Facility; MARIE RODELA, Mental
Health, Varner Correctional Facility; KING,
Mental Health, Varner Correctional Facility;
ADAM CLARK, Warden, Varner
Correctional Facility                                                                             DEFENDANTS

## RECOMMENDED DISPOSITION

The following Recommended Disposition has been sent to United States District Judge Billy Roy Wilson. You may file written objections to all or part of this Recommendation. If you do so, those objections must: (1) specifically explain the factual and/or legal basis for your objection; and (2) be received by the Clerk of this Court within fourteen (14) days of the date of this Recommendation. If you do not file objections, Judge Wilson may adopt this Recommendation without independently reviewing all of the evidence in the record. By not objecting, you may waive the right to appeal questions of fact.

## I.  Introduction

On August 26, 2021, Plaintiff Lawrence J. Russell ("Russell"), a prisoner incarcerated in the Varner Supermax Unit ("VSU") of the Arkansas Division of Correction ("ADC"), filed a *pro se* § 1983 Complaint alleging that Defendants violated his constitutional rights. *Doc. 2*. On September 8, 2021, Russell filed an Amended Complaint. *Doc. 5*. After the Court screened the Amended Complaint, Russell was allowed to proceed with his inadequate medical care claims against Annette Pierce ("Pierce"), Jay Warner ("Warner"), Tamara Crawley ("Crawley"), Marie Rodela ("Rodela"), King, and Adam Clark ("Clark"). *Doc. 6.*

On November 22, 2022, Defendants Pierce, Warner, Crawley, Rodela, and Clark filed a Motion for Summary Judgment (*Doc. 27*), a Brief in Support (*Doc. 29*), and a Statement of Undisputed Facts (*Doc. 28*).[1] Defendants argue that Russell's inadequate medical care claims should be dismissed because he failed to exhaust his available administrative remedies.

On November 28, 2022, I entered an Order informing Russell that he had a right to file a Response and that, in doing so, he "must separately file a 'short and concise statement of material facts as to which he contends a genuine dispute exists

---

[1] The docket reflects that Russell never served King in this action. *Docs. 19, 20.* Additionally, on February 21, 2023, Defendants filed a Suggestion of Death as to Jay Warner. *See Doc. 31* (Defendants' Suggestion of Death and the attached obituary for Jay Warner). To date, Russell has not filed a Motion to Substitute the Estate of Jay Warner as a party to this action. *See* Fed. R. Civ. P. 25(a).

to be tried,'" as required by Local Rule 56.1. *See Doc. 30 at 1–2.* Russell has not filed a Response to Defendants' Motion for Summary Judgment or attempted to controvert any of the facts set forth in Defendants' Statement of Undisputed Facts, and the time to do so has long since passed. Thus, the Motion is joined and ready for disposition.

## II.    Discussion

### A. To Fully and Properly Exhaust His Administrative Remedies, Russell was required to Comply with the ADC's Policies, Directives and Rules Governing Exhaustion

The Prison Litigation Reform Act ("PLRA") requires prisoners to exhaust their administrative remedies before filing a § 1983 action: "No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). The purposes of the exhaustion requirement include "allowing a prison to address complaints about the program it administers before being subjected to suit, reducing litigation to the extent complaints are satisfactorily resolved, and improving litigation that does occur by leading to the preparation of a useful record." *Jones v. Bock,* 549 U.S. 199, 219 (2007); *see also Woodford v. Ngo*, 548 U.S. 81, 88-91 (2006).

Importantly, "it is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion." *Jones,* 549 U.S. at 218; *see also Woodford*, 548 U.S. at 90 (explaining that administrative exhaustion "means using all steps that the agency holds out, and doing so properly so that the agency addresses the issues on the merits"). Thus, before initiating this action, Russell was required to fully and properly exhaust his administrative remedies in accordance with the ADC's exhaustion requirements.

The ADC's directives and regulations governing exhaustion require that, as to each of his claims, a prisoner must: (1) "specifically name each individual involved;" (2) state only one problem or issue per grievance; and (3) include a "brief statement that is specific as to the substance of the issue or complaint to include the date, place [and] personnel involved or witnesses." *See Doc. 35-1* ADC Administrative Directive 14-16 ("AD 14-16"), § IV(C)(4), (D)(2), & (E)(2). The grievance forms themselves also restate these instructions to ensure prisoners are aware of them. *Id*. at Att. 1 ("**BRIEFLY** state your one complaint/concern and be specific as to the complaint, **date**, place, name of personnel involved and how **you** were affected.") (emphases in original). If an inmate intends to grieve more than one issue, he or she "must use a separate [grievance] form for each issue[, as] [o]nly one issue will be addressed in the response to a grievance." *Id.* at § IV(D)(2). Any [a]dditional problems/issues contained in the grievance will not be addressed and

4

will not be considered as exhausted." *Id*. Finally, the ADC's policy cautions prisoners that, if they fail to "exhaust their administrative remedies *as to all defendants at all levels* of the grievance procedure … their lawsuits or claims may be dismissed immediately" under the PLRA. *Id.* at § IV(N) (emphasis added); *see also Id.* at § IV(C)(4) & (D)(2) (both advising inmates to fully exhaust a grievance *prior* to filing a lawsuit).

Finally, the ADC requires prisoners to fully and properly exhaust their grievances by processing through a three-step grievance review process. *Id.* at §§ IV(D)–(G). At Step One, a prisoner must initiate an information resolution raising his complaint and naming each officer or staff member against whom he is raising the complaint. At Step Two, a prisoner must file a formal grievance raising the unresolved complaint describe in the informal resolution. If the Step Two grievance is denied, a prisoner must file a Step Three appeal to the ADC Chief Deputy/Deputy/Assistant Director within five working days of the Warden's decision denying the grievance. *Id*.

**B. The Undisputed Material Facts²**

1.      Brandy Johnson ("Johnson"), the ADC's Medical Grievance Supervisor, reviewed Russell's grievance file for the relevant time period, June 18, 2021 through the date Russell filed this action, August 26, 2021.³ According to Johnson's sworn Declaration, Russell did not file *any* grievances raising complaints related to the claims he is asserting against Pierce, Warner, Crawley, Rodela, or Clark. *Doc. 27-1 at 7, ¶ 35*.

2.      In fact, Russell filed only *one* grievance relevant to this § 1983 action: VSM21-01656. *Doc. 27-3*.

3.      However, the grievance appeal process was not completed until November 5, 2021, and the grievance did not specifically name any Defendant in this matter. *See Doc. 27-3 at 1, 4; Doc. 27-1 at 7, ¶ 35*.

**C. Based On These Undisputed Facts, Russell Failed to Fully and Properly Exhaust His Administrative Remedies On His Pending Claims**

Defendants Pierce, Warner, Crawley, Rodela, and Clark argue they are entitled to summary judgment because Russell failed to exhaust his available

---

² The source for these facts is the now uncontroverted Statement of Undisputed Facts filed by the Defendants (*Doc. 28*) along with its supporting document: (1) the Declaration of ADC Medical Grievance Supervisor Brandy Johnson (*Doc. 27-1*). All of those facts should now be considered undisputed for purposes of Defendants' Motion for Summary Judgment. *See* Fed. R. Civ. P. 56(e)(2); Local Rule 56.1(c).

³ Russell alleges that he entered VSU on June 18, 2021. *Doc. 5 at 5*.

administrative remedies. The undisputed facts demonstrate that Russell filed only one grievance related to the claims he is asserting in this action—VSM21-01656. Because Russell did not name *any* Defendant in VSM21-01656 and did not complete the three-step grievance process until *after* he initiated this action, he may not rely on that grievance to show that he fully and properly exhausted any claim he is asserting in this action. Accordingly, Defendants Pierce, Crawley, Rodela, and Clark[4] are entitled to summary judgment and Russell's claims against those Defendants should be dismissed, without prejudice, for failure to exhaust.

### D. Defendant Warner Should Be Dismissed Because No Proper Party Has Been Substituted

On February 21, 2023, Defendants filed a Suggestion of Death establishing that Defendant Jay Warner died on July 29, 2022. *Doc. 31; Doc. 31-1*. Under Rule 25(a)(1) of the Federal Rules of Civil Procedure, "[i]f a party dies and the claim is not extinguished," a Motion to Substitute a party for the decedent must be filed "within 90 days after service of a statement noting the death," or "*the action . . . against the decedent must be dismissed*." Fed. R. Civ. P. 25(a)(1) (emphasis added).

---

[4] In Section D, the Court recommends that the deceased defendant, Warner, be dismissed for an alternative reason. *See Campbell v. Iowa, Third Jud. Dist. Dep't of Corr. Servs.*, 702 F.3d 1140, 1142 (8th Cir. 2013) (finding it inappropriate to consider a claim of qualified immunity brought on behalf of a deceased defendant that had not been properly substituted); *but see Hardie v. Cotter & Co.,* 849 F.2d 1097, 1098 n.2 (8th Cir. 1988).

On March 2, 2023, the Court entered an Order directing Russell to file a Motion to Substitute by May 22, 2023. *Doc. 32*. Russell has not filed the requisite Motion to Substitute, and the time to do so has passed. *Id.* Accordingly, Russell's claims against Warner should be dismissed.

### E. Defendant King Should Be Dismissed Based on Lack of Service

On March 31, 2022, the Court ordered the Clerk to issue a summons for Defendant King. *Doc. 6*. That Order also stated that "if any Defendant is no longer an ADC employee, the individual responding to service must provide a **sealed** statement with the Defendant's last known mailing address." *Id. at 3, n.3* (emphasis in original). This summons was later returned unexecuted and a sealed address was provided. *Doc. 13*. The Court reissued summons to King at her last-known address. *Doc. 14*. That summons was also returned unexecuted. *Doc. 19*.

On June 30, 2022, the Court entered an Order giving Russell thirty days to file a Motion for Service that provided a valid service address for King. *Doc. 20*. The Order specifically explained to Russell that, if he did not timely and properly provide the Court with sufficient information to identify and serve King, his claims against King could be dismissed, without prejudice. *Id.* (citing Fed. R. Civ. P. 4(m)).

Accordingly, Russell's claims against King should be dismissed, without prejudice, due to lack of service. *See* Fed. R. Civ. P. 4(m); *Carmona v. Ross*, 376 F.3d 829 (8th Cir. 2004) (affirming dismissal of unserved defendants in civil rights

8

action where District Court gave plaintiff extension to complete service and warned him that his failure to do so would result in dismissal).

### III.   Conclusion

IT IS THEREFORE RECOMMENDED THAT:

1.   Defendants' Motion for Summary Judgment (*Doc. 27*) be GRANTED.

2.   Russell's claims against Pierce, Crawley, Rodela, and Clark be DISMISSED, without prejudice, for failure to exhaust administrative remedies.

3.   Russell's claims against King be DISMISSED, without prejudice, for lack of service.

4.   Russell's claims against Warner be DISMISSED, without prejudice, for failure to substitute a proper party.

5.   Judgment enter accordingly.

DATED this 16th day of August, 2023.

                                                    _____
                                                  UNITED STATES MAGISTRATE JUDGE